UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES NATHANIEL NORMAN,

        Petitioner,                    Case No. 14-cr-20629

v.                                       Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER CONSTRUING LETTER AS MOTION FOR LEAVE TO FILE A 28 U.S.C. 2255 MOTION AND DENYING LEAVE**

On October 8, 2014, Petitioner James Nathaniel Norman was indicted on three counts involving possession and distribution of illegal drugs. ECF No. 1. Norman pled guilty to one count of possession cocaine base and heroin with intent to distribute and was sentenced to 151 months of imprisonment on April 23, 2015. ECF No. 20. Norman was assigned career offender status under the Armed Career Criminal Offenders Act because he had two previous serious drug offenses. *See* Sent. Mem. at 5, ECF No. 19. *See also* 18 U.S.C. § 924(e)(2)(A)(ii). On October 12, 2016, Norman filed a letter which requested leave to file a 28 U.S.C § 2255 challenging his conviction under *Mathis v. United States*, 136 S. Ct. 2243 (2016). Norman's letter will be construed as a motion requesting leave to file a § 2255 motion and will be denied.

A motion seeking relief under § 2255 is untimely if it is not filed within a "1-year period of limitation. 28 U.S.C. § 2255(f). "That limitation period shall run from the latest of"

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

> is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (f)(1)–(4).

Norman did not appeal his conviction. Accordingly, his conviction became final for the purposes of § 2255(f)(1) on April 30, 2015. *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (explaining that a conviction becomes final for § 2255 purposes ten days after entry of judgment if the conviction is not appealed to the Sixth Circuit). Because more than a year has passed since that date, any motion for relief under § 2255 would be untimely if § 2255(f)(1) was relied upon. In his letter, Norman mentions *Mathis v. United States*, which was decided on June 23, 2016. Thus, he appears to be relying on § 2255(f)(3) as the basis for timeliness of the § 2255 motion he wishes to file. *Mathis* involves the question of whether a prior conviction could qualify as a violent felony offense under the Armed Career Criminal Act if an element of the crime of conviction is broader than an element of the generic offense under the Act. 136 S. Ct. at 2248. *Mathis* was interpreting § 924(e)(2)(B)(ii) of the Armed Career Criminal Act, which Norman was not sentenced under. For that reason, the Supreme Court's decision is *Mathis* is not relevant to the determination of whether a potential § 2255 motion by Norman would be timely. Absent other reasons why a § 2255 motion would be timely under 28 U.S.C. § 2255(f), filing a § 2255 motion would be futile.

Accordingly, it is **ORDERED** that Defendant Norman's request for leave to file a § 2255 motion is **DENIED** because any such filing would be futile.

-3-

Dated: October 25, 2016    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager